UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In Re:<br><br>    Philip S. Ward<br><br>    and<br><br>    Cheryl J. Ward,<br><br>    Debtors. | Chapter 13<br><br>Case No.: 15-20463 |

**ORDER ON FIRST AND FINAL FEE APPLICATION**

This matter came before the Court on the first and final fee application filed by Jeffrey P. White and Associates, P.C. for compensation of legal services in the amount of $9,829.75 ($9,484.25 in fees and $345.50 in expenses) on behalf of Philip S. Ward and Cheryl J. Ward (Docket Entry "D.E." 48). The Wards were the only party to file a timely objection to the fee application, which they did on December 26, 2018 (D.E. 55) and a hearing on the application was held on January 9, 2019.

Mr. White of Jeffrey P. White and Associates, P.C. did not attend the hearing. The Wards, however, did, along with their bankruptcy counsel who replaced Mr. White. Ms. Ward spoke at the hearing but was not under oath and was not cross-examined. She expanded on Mr. Ward and her written objections to the fee application. Among other things, she claimed that Mr. White did not perform the tasks he claimed to have performed, failed to return her calls and email messages, lost tax returns which she delivered to him, and provided no services of value in connection with the Wards' bankruptcy case. An audio recording of the January 9th hearing can be found at D.E. 60.

The Assistant United States Trustee also attended the hearing and asked this Court for additional time to allow a more careful examination of the fee application and Mr. White's representation of the Wards. In response to this request, the Court extended the time for any party to file any supplemental materials in connection with the fee application until January 30, 2019. No one took advantage of this opportunity and the Court then took the matter under advisement.

This Court analyzes fee applications for chapter 13 debtor's counsel in accordance with 11 U.S.C. § 330(a)(3), (4) which lists several factors to consider. In re Mullen, 2014 WL 4988269, at *1 (Bankr. D. Me. Oct. 6, 2014). These considerations are not applied mechanically but establish a "flexible paradigm" by which this Court can evaluate and determine a reasonable fee award. Berliner v. Pappalardo (In re Sullivan), 674 F.3d 65, 69 (1st Cir.2012). The burden of proving that the compensation sought is reasonable and appropriate lies with Mr. White. In re Little, 484 B.R. 506, 510 (B.A.P. 1st Cir. 2013). This Court is not required to rigidly examine Mr. White's fee application line by line so long as the fee award it ultimately fashions reflects that the factors in §330(a) were fairly considered and applied. In re Sullivan, 674 F.3d at 69.

In crafting this fee award, the Court reviewed the time entries and rates set forth in Exhibit A to the fee application, the objections of the Wards (both written and oral) and the travel of the case as set forth on the docket, including the decisions of certain parties, such as the Assistant United States Trustee and Mr. White, not to file any supplemental materials. The Court concludes that all of the expenses sought by Mr. White are reasonable and will award the requested total of $345.50. As for the compensation, the Court has no objections to the hourly rates billed by Mr. White and Ms. White. The Court rejects also the Wards' assertions that Mr. White provided no benefit. The record before the Court reflects that Mr. White orchestrated the collection of information, preparation of the petition, schedules and other pleadings and shepherded the case through confirmation and approval of the motion to allow and disallow claims. He also

commenced the process which culminated in the approval of the compromise of the class action controversy by successor counsel.

However, the Court finds that some of the Wards' concerns resonate with the Court's recollection of certain delays and unnecessary filings and hearings. For example, the motion to file the compromise under seal was filed by Mr. White on June 4, 2018 (D.E. 31). The next day, the Court entered an order indicating that the motion was not set for hearing and no further action would be taken on it unless the "Movant" did so (D.E. 32). Nearly a month later, on July 3, 2018, Mr. White filed a notice of hearing and attempted to set the hearing on that motion for July 11, 2018 (DE 34). On that same day, a Case Administrator from the Clerk's office contacted Mr. White's office to have Mr. White check the adequacy of his notice and to set the matter for an expedited hearing if he sought to prosecute that motion for a hearing on July 11, 2018. No action was taken for over two months, when Mr. White filed an amended notice setting the motion to seal hearing for October 21, 2018 (D.E. 35). The chapter 13 trustee objected, and the hearing was continued until November 7, 2018. At the November 7, 2018 hearing, Mr. White reported that he had made progress and the matter was continued for two additional hearings. Prior to the continued hearing, Mr. White submitted a proposed order, but that order failed to attach a document which the language of the order indicated was attached. Mr. White remedied that deficiency on November 15, 2018, the trustee consented to it on November 19th and the Court promptly entered the order.

Given that certain expenditures of time and energy in connection with the prosecution of this case were unnecessary and were caused by the actions or inactions of Mr. White, this Court finds that a reasonable and appropriate number of hours to award compensation for Mr. White's time should be reduced from the 31.40 hours he requests to 24.10 hours. And of time, 14.10 of those hours should be compensated at $280/hour and the remaining 10.00 hours at $300/hour for

a total award of $7,948.00 for Mr. White's time. Further, compensation for Ms. White's time should be reduced by 0.20 of an hour ($18.00) for a total award for her time of $320.25.

Thus, this Court partially **GRANTS** and partially **DENIES** the fee application by awarding the sum of $8,613.75 ($8,268.25 in compensation and $345.50 in expenses) (the "Fee Award") and disallowing the remainder of the requests in the fee application. Mr. White has already received $1,810.00 from the Wards prior to the filing of this case and $1,300.00 from the chapter 13 trustee afterwards. Those payments shall be credited against the Fee Award, leaving a balance due to Jeffrey P. White and Associates, P.C. of $5,503.75 to be paid as an administrative expense by the chapter 13 trustee to the extent that such funds are available from the payments that the Wards have made to the trustee in accordance with their chapter 13 plan (as modified). The Wards shall have no other personal obligation for the Fee Award.

Dated:  February 26, 2019                    /s/ Peter G. Cary
                                                                                Judge Peter G. Cary
                                                                                United States Bankruptcy Court